UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

CARLOS GOMEZ,

Defendant.

---

97-Cr-696 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Carlos Gomez has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Gomez is currently serving three concurrent life terms of imprisonment for racketeering, racketeering conspiracy, and narcotics conspiracy, plus a consecutive term of five years' imprisonment for use of a firearm during and in connection with a crime of violence.

Section 3582(c)(1)(A), the "compassionate release" statute, permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1]

Gomez's motion fails both because he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and because any reduction would not be consistent with the section 3553(a) factors. Gomez contends that his health, age, and a recent United States Supreme Court opinion combine to meet the exacting "extraordinary and compelling reasons" standard. (*See* ECF No. 360.) In a supplemental submission filed by court-appointed counsel, Gomez contends that his post-sentencing conduct, health, and age combine to meet the aforementioned standard. (*See* ECF No. 378.) Gomez asserts that the section 3553(a) factors weigh in his favor, emphasizing the length of his sentence relative to those of his co-defendants.

Gomez proffers four reasons for the Court to grant his motion. First, Gomez contends that his current health condition weighs in favor of a sentence reduction, particularly in the context of the COVID-19 pandemic. Gomez asserts that he has high blood pressure, asthma, diabetes, osteoarthritis, chronic obstructive pulmonary disease,

---

[1] A defendant must also exhaust his administrative remedies prior to bringing suit. Gomez appears to have done so.

1

vision impairment problems, and an impaired memory. He also asserts that he requires a cane to walk, cannot stand for long periods of time, and uses orthopedic footwear. Gomez's medical records support these assertions. (*See* ECF No. 360 at Ex. C.) Furthermore, several of his health conditions are factors that heighten the severity of COVID-19 sickness. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023).

However, "with the now-widespread availability of vaccinations in federal prisons, the pandemic-related risks posed to inmates have dropped substantially." *United States v. Pena*, No. 18-Cr-858, 2021 WL 2358803, at *1 (S.D.N.Y. June 9, 2021). Indeed, the Government asserts, and Gomez does not object, that Gomez is fully vaccinated and boosted against COVID-19. (ECF No. 364 at 5.) Moreover, USP Hazelton, Gomez's current place of incarceration, has no positive cases of COVID-19 at this time. *See BOP COVID-19 Statistics*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/covid19_statistics.html (last updated Nov. 15, 2023). Additionally, while Gomez contends that "he does not receive consistent, adequate and proper treatment" for his health needs, his assertion is belied by medical records indicating the treatment he receives for his various diagnoses. (*See* ECF No. 360 at Ex. C.)

Second, Gomez urges that his age weighs in favor of a sentence reduction. Gomez is 65 years old, and he cites to studies indicating that the rate of recidivism decreases with age, particularly among offenders who are age 65 or older when released. (*See* ECF No. 360 at 14-15; *see also* ECF No. 378 at 9.) However, if "age alone were a sufficient factor to grant compassionate release in these circumstances, it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release." *United States v. Haney*, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020).

Third, Gomez contends that *United States v. Davis*, which prohibits the so-called "stacking" of multiple 18 U.S.C. § 924(c) charges, supports a sentence reduction here. *See United States v. Davis*, 139 S. Ct. 2319 (2019). However, the *Davis* opinion has no bearing on Gomez's motion, since, as the Government correctly states, Gomez "was not subjected to any enhanced sentencing enhancements pursuant to Section 924(c)'s 'stacking' provision." (ECF No. 364 at 4.)

Fourth, Gomez alleges that he has "thrived" during incarceration, including participating in several rehabilitative and educational programs and "assist[ing] prison staff and other inmates whenever he can." (ECF No. 378 at 3-4.) However, "a productive institutional record while incarcerated . . . is what is expected," and is not a basis for a sentence reduction. *United States v. Saleh*, No. 93-Cr-181, 2020 WL 3839626, at *4

(S.D.N.Y. July 8, 2020). Moreover, Gomez properly concedes that his disciplinary record while incarcerated "is far from spotless." (ECF No. 378 at 5.) Most notably, Gomez was sanctioned for fatally stabbing another inmate in the neck with a pair of scissors. (ECF No. 364 at Ex. B.)

Thus, none of the four grounds Gomez raises—his health, his age, a change in law, and his asserted rehabilitation—constitute "extraordinary and compelling reasons" meriting a sentence reduction, whether considered individually or in aggregate.

Next, even if the Court were to determine that "extraordinary and compelling reasons" exist here, a reduction in Gomez's sentence would not comport with the section 3553(a) factors. A jury found Gomez guilty of racketeering, racketeering conspiracy, use of a firearm during and in relation to a crime of violence, and narcotics conspiracy. These charges emanated from Gomez's leadership of a violent and widespread drug trafficking organization known as the Westchester Avenue Crew (the "WAC"). (*See* Presentence Investigation Report ("PSR") ¶ 70.) Gomez was a driving force behind the WAC—not only did he found the organization in the early 1980s, but he revived it in 1989 after a brief period of dormancy when both Gomez and his brother Julio, who assisted him in managing the enterprise, were in prison. (*See* PSR ¶¶ 70-71.) The WAC distributed heroin and cocaine in the Bronx, operating day and night as a sophisticated, high-volume enterprise. (*See* PSR ¶¶ 70-73.) The WAC, under Gomez's leadership, was also highly violent. One illustrative example particularly relevant to Gomez's present incarceration is the 1992 murder of a rival, Jose Gonzalez Santiago. (PSR ¶ 86.) Gomez himself ordered this murder and paid and armed the murderer. (*Id.*) At Gomez's trial, the jury determined that the Government proved both the conspiracy to murder and the actual murder of Jose Gonzalez Santiago. (Jury Verdict Form, ECF No. 266 at 9.) While it is true that none of Gomez's co-defendants received sentences as serious as his own, this is perfectly sensible considering Gomez's standing as leader of the Westchester Avenue Crew with a significant criminal history. Granting Gomez's motion at this time would neither reflect the seriousness of his offenses nor provide just punishment as required under section 3553(a).

In sum, Gomez has not shown that a reduction in his sentence is warranted. He has failed to demonstrate "extraordinary and compelling reasons" that would justify a reduction, and any reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, Gomez's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Carlos Gomez [41128-054], USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV 26525.

Dated: New York, New York
November 16, 2023

SO ORDERED:

Sidney H. Stein, U.S.D.J.