UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

CARLOS GOMEZ,

Defendant.

97-cr-696 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Carlos Gomez has moved for a sentence reduction pursuant to the compassionate release statute, 18 U.S.C. § 3582(c), for a second time and has requested the appointment of counsel in connection with that motion.  (Dkt. No. 382 ("Mot.").)  The Court denies Gomez's motion and request for the appointment of counsel because, even if Gomez were able to show "extraordinary and compelling reasons" warranting a sentence reduction, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against a sentence reduction in Gomez's case.

Gomez was found guilty following a jury trial in 1999 of racketeering, racketeering conspiracy, narcotics conspiracy, and use of a firearm during and in connection with a crime of violence.  In July 2000, this Court sentenced Gomez to three concurrent life terms of imprisonment plus a consecutive term of five years' imprisonment pursuant to the then-mandatory United States Sentencing Guidelines.

The compassionate release statute permits a court to reduce a defendant's sentence only if four requirements are met:  (1) the inmate has exhausted his administrative remedies by requesting relief from prison authorities; (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; (3) the inmate demonstrates "extraordinary and compelling reasons" justifying a sentence reduction; and (4) a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam); *see id.* at 73 (stating that "a court may reduce a sentence under § 3582(c)(1)(A) only if" all the required conditions are met, including "satisfaction of the § 3553(a) factors").

Gomez contends that extraordinary and compelling reasons warranting a sentence reduction exist primarily because (1) Gomez claims the Guidelines range that would apply to him today is different from the range applicable to him at the time he was sentenced, (2) the Guidelines are no longer mandatory following the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and (3) recent amendments to the Guidelines concerning a sentencing court's consideration of

acquitted conduct might impact Gomez's sentence. (*See* Mot. at 20, 34–51.) Gomez also raises several supposedly extraordinary and compelling reasons he advanced (and the Court rejected) in connection with his prior motion for compassionate release, including his rehabilitation while in prison, the disparity between Gomez's sentence and the sentences of his co-defendants, and the elimination of the so-called "stacking" provision of 18 U.S.C. § 924(c). (*See id.*) *See also United States v. Gomez*, No. 97-cr-696, 2023 WL 7899194 (S.D.N.Y. Nov. 16, 2023).

Here, the Court need not consider whether Gomez has demonstrated "extraordinary and compelling reasons" warranting a sentence reduction because, even if the Court were to determine that such reasons existed, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting Gomez's motion. These factors require the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(6).

A reduction in Gomez's sentence would not comport with the section 3553(a) factors. As the Court set forth at some length when denying Gomez's previous compassionate release motion less than two and a half years ago:

> A jury found Gomez guilty of racketeering, racketeering conspiracy, use of a firearm during and in relation to a crime of violence, and narcotics conspiracy. These charges emanated from Gomez's leadership of a violent and widespread drug trafficking organization known as the Westchester Avenue Crew (the "WAC"). (*See* Presentence Investigation Report ("PSR") ¶ 70.) Gomez was a driving force behind the WAC—not only did he found the organization in the early 1980s, but he revived it in 1989 after a brief period of dormancy when both Gomez and his brother Julio, who assisted him in managing the enterprise, were in prison. (*See* PSR ¶¶ 70–71.) The WAC distributed heroin and cocaine in the Bronx, operating day and night as a sophisticated, high-volume enterprise. (*See* PSR ¶¶ 70–73.) The WAC, under Gomez's leadership, was also highly violent. One illustrative example particularly relevant to Gomez's present incarceration is the 1992 murder of a rival, Jose Gonzalez Santiago. (PSR ¶ 86.) Gomez himself ordered this murder and paid and armed the murderer. (*Id.*) At Gomez's trial, the jury determined that the Government proved both the conspiracy to murder and the actual murder of Jose Gonzalez Santiago. (Jury Verdict Form, ECF No. 266 at 9.) While it is true that none of Gomez's co-defendants received sentences as serious as his own, this is perfectly

sensible considering Gomez's standing as leader of the Westchester Avenue Crew with a significant criminal history. Granting Gomez's motion at this time would neither reflect the seriousness of his offenses nor provide just punishment as required under section 3553(a).

*Gomez*, 2023 WL 7899194, at *2. That analysis applies with equal strength to Gomez's present motion.

Given the Court's determination that a reduction of Gomez's sentence would be inconsistent with the section 3553(a) factors, the Court declines to analyze whether extraordinary and compelling reasons warranting a reduction in sentence exist. *See Keitt*, 21 F.4th at 73 ("We therefore hold that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling circumstances that might (in other circumstances) justify a sentence reduction.").

The Court accordingly denies Gomez's current motion for compassionate release because a sentence reduction would not be consistent with the factors set forth in 18 U.S.C. § 3553(a). The Clerk of Court shall mail a copy of this Order to Carlos Gomez [41128-054], FCI Cumberland, Federal Correctional Institution, P.O. Box 1000, Cumberland, MD 21501.

Dated: New York, New York
      April 1, 2025

SO ORDERED:

_____

Sidney H. Stein, U.S.D.J.